Case 1:08-cr-00660-VM Document 10 Filed 07/17/2008 Page 1 of 5

Judge Marrero

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA    :    INDICTMENT

      - v. -

KAREEM HOLMES,    :    08 CRIM 660

      Defendant.    :

- - - - - - - - - - - - - - - - - -x

COUNT ONE

The Grand Jury charges:

1. From at least in or about November 2007, up to and including January 30, 2008, in the Southern District of New York and elsewhere, KAREEM HOLMES, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1029(a)(5).

2. It was a part and an object of the conspiracy that KAREEM HOLMES, the defendant, and others known and unknown, unlawfully, willfully, knowingly, and with intent to defraud as part of an offense affecting interstate commerce, did effect transactions with access devices issued to other persons, to receive payment and other things of value during a one-year period the aggregate value of which exceeded $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

Overt Acts

3. In furtherance of the conspiracy, and to effect the unlawful object thereof, the following overt acts, among

others, were committed in the Southern District of New York and elsewhere:

    a)    On or about January 30, 2008, in New York, New York, KAREEM HOLMES, the defendant, signed for a Federal Express package in someone else's name that contained merchandise purchased using a credit card belonging to an individual who did not authorize the purchase of the item.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

The Grand Jury further charges:

4.    On or about January 30, 2008, in the Southern District of New York and elsewhere, KAREEM HOLMES, the defendant, unlawfully, willfully, knowingly, and with intent to defraud as part of an offense affecting interstate commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and any other thing of value during a one-year period, the aggregate value of which is equal to and greater than $1,000, to wit, KAREEM HOLMES helped effect the purchase of diamonds from jewelers around the country using credit cards in names of other individuals without authorization of these individuals, the value of which exceeded $1,000 during a one-year period.

(Title 18, United States Code, Sections 1029(a)(5), 1029(b)(1) and 2.)

COUNT THREE

The Grand Jury further charges:

5. On or about January 30, 2008, in the Southern District of New York and elsewhere, KAREEM HOLMES, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Section 1028A(c), to wit, HOLMES, used, without lawful authority, the name of another person in order to effect the purchase of goods purchased with another person's credit card without authorization, as charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

FORFEITURE ALLEGATION

6. As a result of committing one or more of the foregoing offenses alleged in Counts One and Two of this Indictment, KAREEM HOLMES, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses.

Substitute Asset Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982
and Title 18, United States Code, Sections 2, 1028A, 1029.)

_____
FOREPERSON
July 17, 2008

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KAREEM HOLMES,

Defendant.

INDICTMENT

08 Cr.

(18 U.S.C. §§ 1029(a)(5), 1029(b)(1), 1029(b)(2), 1028A, and 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.